**People of the State of Illinois, Plaintiff-Appellee, v. Eddie Lee Jones, Otherwise Called Jerry Davis Johnson, Defendant-Appellant.**

Gen. No. 52,768.

First District, First Division.

June 30, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Theodore A. Gottfried, Norman W. Fishman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Gerald T. Rohrer, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Defendant was indicted for the offense of theft "in that he, knowingly obtained and exerted unauthorized control over an automobile, of the value of more than one hundred fifty dollars, the property of Philip H. Bowers, intending to deprive said Philip H. Bowers permanently of the use and benefit of said property, in violation of Chapter 38, Section 16–1(a), of the Illinois Revised Statutes 1965." In a bench trial he was found guilty as charged and sentenced to the penitentiary for a term of one to two years. On appeal he contends (1) the State failed to prove him guilty beyond a reasonable doubt, and (2) the trial judge acted under an erroneous assumption of law and shifted the burden of proof to defendant.

The record shows that on January 17, 1967, an automobile owned by Philip H. Bowers was stolen from a Chicago parking lot. On January 22, 1967, two police officers saw defendant driving the stolen automobile and arrested him while in a gas station at 41st and Drexel Avenue, Chicago, Illinois.

Deloris Randolph, a witness for the defendant, testified that on January 22, 1967, defendant was working for her at the Orange Tree Lounge at 1037 West 63rd Street, Chicago. She had been the owner of the lounge for two years, and defendant had worked there for more than one year. On January 22, she was running a little short of beer and asked one of her regular customers, "Shorty," if he would drive defendant to a wholesale liquor store to purchase some beer. Shorty told her he had a little too much to drink, but he would let defendant drive his car. At about 3:00 p. m. the defendant left with $30, in Shorty's car, and Shorty stayed in the tavern. That night at approximately eleven o'clock, she told Shorty that she had received a telephone call that defendant had been

arrested, and "it was something regarding the car. At that particular time, I could hardly understand, because there was so much noise in the tavern." Shorty replied, "I don't understand that. I'll go and check it out. Where is he supposed to be?" The witness further testified that defendant could have bought the beer either at 63rd and Loomis or at 43rd and Michigan. She stated she was not related to the defendant in any way.

In rebuttal, the arresting officer, James Ball, testified that when he searched the defendant he found $10 and no beer was found in the car. He did not inventory the money found and did not mention it in his report.

Considered first is defendant's contention that the State failed to prove defendant guilty beyond a reasonable doubt. Defendant contends that "knowledge that the car was stolen" was a necessary element in the State's case, and the testimony of Deloris Randolph clearly demonstrated defendant's innocence. Defendant argues there was nothing in the record which contradicts the fact that defendant had no knowledge that the car was stolen and, therefore, his conviction rests on evidence which was explained on reasonable grounds consistent with the defendant's innocence.

Defendant cites People v. Kelly, 84 Ill App2d 431, 228 NE2d 561 (1967), where a conviction for criminal trespass was reversed when the defendant's evidence showed at the time he entered the car he had no knowledge it was stolen, and nothing in the record contradicted this evidence. Defendant also cites People v. Botulinski, 383 Ill 608, 50 NE2d 716 (1943), where it is said (p 615):

> "[W]here circumstantial evidence is relied upon the facts and circumstances proved must be sufficient to establish the guilt of the person accused to a moral certainty and to the exclusion of every other reasonable hypothesis."

The State maintains the theft was not disputed nor was the evidence surrounding the arrest of the defendant. Therefore, the only issue before the court was the credibility of Mrs. Randolph and the weight to be given her testimony. The authorities cited by the State include People v. Barnes, 26 Ill2d 563, 188 NE2d 7 (1963), where it is said (p 566) :

> "It is well settled that the recent, exclusive and unexplained possession of stolen property by an accused gives rise to an inference of guilt, absent other facts and circumstances which leave in the mind of the jury a reasonable doubt as to guilt. . . . The jury did not believe defendants' explanation of how the stolen property got into the car. We cannot say that the jury was not justified in finding them guilty of burglary."

Also, People v. Booher, 73 Ill App2d 226, 218 NE2d 779 (1966), where it is said (p 229) :

> "Defendant argues that his testimony tends to reasonably explain his presence in the building and that there are no circumstances inconsistent with his explanation. This argument is based on the false premise that the court must believe defendant's testimony. However, it has long been the law that the statements of a defendant or witness may be so inherently improbable as to induce the court or jury to disregard his evidence, even in the absence of any conflicting testimony. The witness may be contradicted by the facts which he states as completely as by direct adverse testimony and there may be so many omissions in his account of the transaction, that his entire story is discredited. Under such circumstances, the testimony contains its own impeachment."

467

After examining the testimony of Mrs. Randolph, we agree with the State that her testimony was so inherently improbable as to induce the trial court to disregard her evidence, "even in the absence of any conflicting testimony." As argued by the State, it was not reasonable for a casual customer to lend "his new 1967 Oldsmobile convertible" to an employee of a tavern and not to be concerned when it was not returned. It was unreasonable that Mrs. Randolph made no attempt to aid the defendant when she allegedly heard of his arrest while on an errand for her, and also for her to make no effort to inform the police as to how defendant got the car, especially since it was through her instigation that he had possession of it.

The trial court chose not to believe the testimony of Mrs. Randolph, and we will not substitute our judgment for that of the trial court. We find the necessary elements of the offense of theft, as charged, were proved beyond a reasonable doubt.

Defendant next contends that the remarks of the trial judge show that he was operating under an erroneous assumption of law in deciding the case. In announcing his decision the court said: "There is nothing further. The Court has considered the evidence in the matter. After having considered the evidence offered by the State, as well as the defendant, the Court is confronted with a determination as to whether or not the purported explanation is a sufficient explanation to overcome the presumption of possession of recently stolen property. The Court concludes the same is not, and accordingly the Court enters a finding of guilty of the charge as set forth in the indictment. Judgment will be entered on the finding."

From the foregoing, defendant argues that the court was "weighing the evidence produced by both sides to determine if the explanation offered by the defendant was sufficient to *overcome*' the presumption established

468

by the State." Defendant further argues that once the defense offered an explanation of how the defendant came to possess the automobile, the inference relied on by the State (unexplained possession of stolen property), a necessary element, the lack of explanation, was missing. Also, the court did not say that he did not believe the testimony of Deloris Randolph but stated that defendant's explanation was "insufficient to overcome" the presumption raised by the State.

We agree with defendant "that the defendant has no duty to 'overcome a presumption.' If a reasonable doubt arises from the evidence the defendant must be discharged whether or not the evidence offered was sufficient to 'overcome the presumption' relied on by the State." Defendant's authorities include People v. Sanders, 357 Ill 610, 192 NE 697 (1934), where a jury instruction was condemned because "the repeated use of the word 'overcome' in the instruction tended to impress on the jury that the burden had shifted to Sanders and it was incumbent on him to prove his innocence. The burden of proof never shifts in a criminal case. The duty was not on Sanders to satisfactorily account for the possession of the stolen property, but the responsibility rested on the People throughout the trial, at all times, to prove him guilty beyond all reasonable doubt." [P 619.]

The State contends that "exclusive and unexplained possession of property recently stolen are circumstances which the court may consider as prima facie evidence of guilt, and unless defendant offers a reasonable explanation of possession such evidence may be sufficient to prove guilt." The State cites People v. Bennett, 3 Ill2d 357, 121 NE2d 595 (1954), where the court said (p 363):

> "This court has often announced the rule that the possession of stolen property, the proceeds of a burglary or larceny, soon after the commission of the offense, is evidence of the guilt of the person or persons

469

in whose possession it is found and is sufficient to warrant a conviction unless such possession is explained or unless there appears from all the evidence a reasonable doubt of the defendant's guilt. . . . The court may properly instruct the jury to that effect. . . . In the case last mentioned the court charged the jury in substance that the possession of stolen property, the proceeds of a burglary, robbery or larceny, soon after the commission of the offense, is prima facie evidence of the guilt of the person in whose possession it was found, and that such possession is sufficient to warrant a conviction unless the possession is satisfactorily explained, or unless there appears from all the evidence a reasonable doubt of the guilt of the defendant."

The State agrees that the burden of proof always rests with the State. The State argues that, in applying the foregoing rules to the instant case, it is important to note that the case was tried without a jury and, therefore, there is no issue of misleading jury instructions. The State submits that the trial court, as trier of fact and law, was not in error in its choice of words or terminology when it said: "[T]he Court is confronted with a determination as to whether or not the purported explanation is a sufficient explanation to overcome the presumption of possession of recently stolen property." The State further submits that the trier of fact does not have to accept any explanation, but that the explanation must be "reasonable" or "satisfactory."

In People v. Litberg, 413 Ill 132, 138, 108 NE2d 468 (1952), it is said:

"With regard to the contention that plaintiff in error's 'perfectly normal' explanation of his possession casts reasonable doubt upon his guilt, we can only say that the law has committed to the trial judge, where a cause is tried by the court without

a jury, the determination of the credibility of the witnesses and of the weight to be given to their testimony. Plaintiff in error's proffered explanation failed to raise a reasonable doubt in the mind of the trial judge and from our examination of the entire record we believe he was fully warranted in rejecting it. On review, this court will not disturb a finding of guilt unless it is palpably contrary to the weight of the evidence or is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of a defendant's guilt."

■ It is our opinion that the closing remarks of the judge before entering judgment do not show that he was acting under an "erroneous assumption of law" in deciding this case. His comments indicate he was fully cognizant of the issues, the burden of proof, and of his duty to determine the credibility of the witnesses and of the weight to be given their testimony. Defendant's proffered explanation, the testimony of Deloris Randolph, failed to raise a reasonable doubt of defendant's guilt in the mind of the trial judge. From our examination of the entire record, we believe he was fully warranted in rejecting defendant's explanation of possession of recently stolen property.

■ We conclude that the finding of guilt of theft in the instant case is not "palpably contrary to the weight of the evidence," nor is the evidence "so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of the defendant's guilt." (People v. Hicks, 362 Ill 238, 246, 199 NE 368 (1935).) We believe all the elements of the offense of theft, as charged, were proved beyond a reasonable doubt, and the judgment of the trial court must be affirmed.

Affirmed.

ADESKO, P. J. and BURMAN, J., concur.