People of the State of Illinois, Plaintiff-Appellee, v. James William Moore, Defendant-Appellant.

Gen. No. 54,274.

First District, First Division.

September 21, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Theodore A. Gottfried, and

James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Robert A. Novelle, Joseph Romano, and Zenon Forowycz, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

The defendant, James William Moore, was indicted for the offense of theft in that he knowingly obtained and exerted unauthorized control over an automobile of a value in excess of $150, in violation of Ill Rev Stats 1967, c 38, § 16-1(a)(1) and of criminal trespass to a vehicle in violation of Ill Rev Stats 1967, c 38, § 21-2. On motion of the State, the two counts were consolidated for the trial. The defendant was tried by the court without a jury and was found guilty. He was sentenced to a term of not less than five years nor more than ten years in the Illinois State Penitentiary.

The defendant contends that he was not proven guilty beyond a reasonable doubt and that the sentence imposed was too severe.

Sigfrido Noa testified that he was the owner of a 1968 Oldsmobile, for which he paid $5,500. At 2:00 p. m. on December 25, 1968, he parked his car in front of a house at 4451 North Hazel. When he came out of the house, his car was gone. The next time he saw it was two days later at a police station. He did not know the defendant, James William Moore, and did not give him permission to drive the car.

Robert Olson, a police officer, testified that he stopped the defendant on December 27, 1968, for a traffic violation. After a check of the license number with the radio dispatcher, he learned that the defendant was driving a stolen car belonging to Noa. Officer Olson said that he took the defendant to the police station, advised him of his constitutional rights and then asked him certain questions. In response to the question of where he got the car, the defendant stated that he was walk-

ing in the 900 block of Leland Avenue when he saw the car with the motor running. Since he needed transportation to get to work, he decided to take the car.

The defendant testified in his own behalf. He said he lived at 915 West Wilson. About five minutes before his arrest, he had been given permission to use the car by a Harold Thompson, who he believed owned the car. He had known Thompson about two weeks and thought he lived at 914 or 916 Leland Avenue. Earlier that day, accompanied by Thompson, the defendant said he drove the car to the Illinois State License Bureau where he took a driver's test and received a temporary operator's permit. Thompson then rented him the car for the rest of the afternoon for $10, just prior to his arrest. He said he did not know that the car was stolen before he was informed of that fact by Officer Olson. On cross-examination, the defendant admitted that he had told the police that he had seen the car in the 900 block of Leland and taken it to get to work. He did not tell the police about Harold Thompson and had not seen Thompson or written to him since his arrest.

The defendant contends that the evidence implicating him in the crime is circumstantial and insufficient to remove all reasonable doubt of his guilt. He relies on People v. Magnafichi, 9 Ill2d 169, 137 NE2d 256. In that case, none of the four eyewitnesses could identify the defendant as one of the three men who had robbed their club. The owner of a hardware store across the street from the club testified that he saw three men having trouble with a car about the time of the offense and that the defendant looked like one of the three men. The testimony of the hardware store owner was the only circumstantial evidence linking the defendant with the crime, and the court held that his testimony was neither strong by itself nor consistent with the other facts of record and reversed the conviction. The Court went on to say:

> To justify a conviction circumstantial evidence must be of such a nature as to produce a reasonable and moral certainty that the accused committed the crime. Where the circumstances can be explained

upon a reasonable hypothesis consistent with innocence and leave a serious and grave doubt of guilt, a conviction cannot stand.

We consider this case inapplicable on the facts.

■ As we stated in People v. Jones, 112 Ill App2d 464, 467, 251 NE2d 293, 296, it is well settled that the recent, exclusive and unexplained possession of a stolen automobile by an accused gives rise to an inference of guilt, absent other facts and circumstances which may leave a reasonable doubt. In Jones the defendant was arrested while driving a car which had been stolen five days previously. A witness testified that the defendant was working for her in her lounge on the day of his arrest. She said she borrowed a customer's car which the defendant drove to a wholesale liquor store to purchase some beer. We held that the testimony of this witness was so improbable as to induce the trial court to disregard her evidence "even in the absence of any conflicting evidence." We noted that this witness made no attempt to aid the defendant when she learned of his arrest nor did she tell the police how the defendant got the car. The trial court in Jones did not believe the testimony of the proprietress, and we were not persuaded to substitute a different judgment of her credibility.

■ We likewise find no persuasive argument to reverse the trial judge in the case at bar. The record clearly establishes that the defendant was driving a stolen car. As stated in People v. Smith, 107 Ill App2d 267, 270, 246 NE2d 880, 881, "It is also the rule that where a defendant found in exclusive possession of stolen property (an automobile) attempts to explain it, he must tell a reasonable story or be judged by its improbabilities. (Citing cases.)" The defendant, in the case at bar, admittedly told the police upon his apprehension that he had taken the car in order to get to work. At the trial he said that a Harold Thompson had rented the car to him shortly before his arrest. If this story were true, we cannot believe that the defendant would at the time of his arrest admit his guilt to the police officer, as he did, and not ask the officer to look a block or two for Thompson who had allegedly just given him the car.

While in jail, the defendant did not try to contact Thompson. Given these facts, we see no reason to reverse the decision of the trial judge.

The defendant contends, in the alternative, that the sentence of five to ten years is too severe and should be reduced. Before sentencing, a hearing in aggravation and mitigation was held. The defendant's criminal record reveals that in July, 1961, he was sentenced to thirty days in the House of Correction on a charge of larceny of an automobile. On September 29, 1961, he was sentenced to six months in the House of Correction on a charge of tampering. On February 7, 1963, he was sentenced to one year in Vandalia. On January 22, 1964, he was sentenced to one year in the House of Correction on a charge of criminal trespass. On May 24, 1965, he was again sentenced to one year in the House of Correction. On May 18, 1966, for a conviction of robbery, he was sentenced to the Illinois State Penitentiary for a term of not less than three nor more than ten years. At the time he stole the car in question, he was on parole for the latter conviction and was twenty-five years old.

■ ■ The defendant urges that the trial court erred in sentencing him severely on the basis of his record and not for the crime in question. The trial judge commented after the hearing on aggravation and mitigation:

> Let the parole board worry about him. I am going to follow the State's recommendation. I have never seen a record like this with a boy his age. The sentence is 5 to 10 years. He certainly has not been rehabilitated. It doesn't look like he is about to be rehabilitated. Let the parole board see what they can do with him.

In People v. Taylor, 33 Ill2d 417, 211 NE2d 673, the defendant also contended that the trial judge improperly considered the parole laws in determining the length of imprisonment. There too, the trial court found the defendant beyond rehabilitation. In Taylor, the Supreme Court reminded us that a court of review should not disturb a sentence if it is within the limits prescribed by the legislature unless it clearly appears that the pen-

alty constitutes a great departure from the fundamental law and its spirit or is manifestly in excess of section 11 of Article 11 of the Illinois Constitution which requires that all penalties shall be proportioned to the nature of the offense. The court, in holding that the sentence of 45 years for the rape conviction did not violate the above principles, stated:

> We believe that under the now applicable statute granting reviewing courts the power to reduce sentences imposed by trial courts where circumstances warrant (Ill Rev Stats 1963, chap 38, par 121–9 (b)(4)) such authority should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals. 33 Ill2d at 424, 211 NE2d at 677.

In view of the offense for which the defendant was convicted in the case at bar, and in view of his criminal record, a minimum sentence of five years is within the limits of punishment set by law and the discretion of the trial judge. People v. Smith, 14 Ill2d 95, 150 NE 2d 815.

Accordingly, the judgment of the Circuit Court is affirmed.

Affirmed.

MURPHY and ADESKO, JJ., concur.