*In re* VINCENT WILDER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* VINCENT WILDER, Respondent-Appellant.)

First District (4th Division)    No. 62176

Opinion filed March 3, 1977.

James Geis and William S. Clark, Jr., both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Mary Ellen Dienes, and Scott A. Mayer, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

In a petition filed in the juvenile division of the circuit court of Cook County, the minor-respondent, Vincent Wilder, was charged with two counts of burglary. After a hearing held on November 1, 1973, the court adjudged respondent delinquent for committing one count of burglary. The remaining count of the petition was dismissed, as was another three count petition charging respondent with criminal trespass to land, battery, and burglary.* He was placed on probation for one year. A Petition for Supplemental Relief was subsequently filed charging respondent with violating his probation by committing auto theft and criminal trespass to a vehicle. At a hearing held October 21, 1974, the court found that respondent had violated his probation by committing criminal trespass to a vehicle. Respondent's probation was revoked and the court ordered him committed to the Department of Corrections.

---

* Although the common law record is unclear as to whether respondent was found delinquent for committing criminal trespass to land, the report of proceedings indicates that respondent was adjudged delinquent only for one count of burglary.

On appeal, respondent advances two contentions: (1) that the trial court lacked jurisdiction to revoke his probation and commit him since it never explicitly adjudged him a ward of the court as required by the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, pars. 701—1 *et seq.*) and (2) that at the hearing on the violation of probation, the State failed to prove him guilty by a preponderance of the evidence of criminal trespass to a vehicle.

## I

At the outset, we note that the State agrees with respondent that the cause must be remanded since the trial court failed to enter an explicit adjudication of wardship prior to initially placing respondent on probation. We concur.

■■ It has repeatedly been held that section 4—8 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—8) requires that the trial court make an explicit adjudication of wardship before entering a dispositional order regarding a minor. (*In re Ross* (1976), 37 Ill. App. 3d 827, 347 N.E.2d 457; *In re Barr* (1976), 37 Ill. App. 3d 10, 344 N.E.2d 517; *In re Davis* (1976), 44 Ill. App. 3d 970, 358 N.E.2d 1233.) A review of the record in the present case discloses that an explicit adjudication of wardship was not entered prior to respondent being placed on probation. As a consequence, regardless of our disposition of the other issue in this case, we must remand the cause with directions that the trial court determine whether there was an adjudication that it was in the best interests of the minor and the public that the minor be adjudged a ward of the court. *In re Ross* (1976), 37 Ill. App. 3d 827, 347 N.E.2d 457.

## II

The record of the hearing on the supplemental petition discloses that the following evidence was adduced: On the morning of October 11, 1974, William Cherry discovered that his car, a 1975 red and white Ford, license number SE 2893, had been stolen from the parking lot located behind his residence at 8722 South Burley in Chicago. He reported the theft to the police.

On October 12, 1974, at 5:30 p.m., Chicago Police Officer Edward Hicks and his partner were on routine patrol in their police car when they observed an unoccupied red and white 1975 Ford parked at 78th and Phillips. They checked their "hot sheet" of stolen vehicles and discovered that the license number was on the list. The officers then checked with the radio dispatcher and learned that the car was a stolen vehicle. The officers then drove around the block to find a parking space. The Ford was gone when they returned.

A short time later, the officers observed the stolen car in a parking lot

located at 79th and Phillips. As Officer Hicks drove into the parking lot he saw an individual, identified as respondent, sitting on the driver's side. The car was not running. Respondent began leaving the vehicle when the officers approached. Respondent was arrested, and an inspection of the car revealed a set of car keys laying on the front seat. The keys did not fit the ignition of the car, nor were there signs that the ignition had been tampered with.

Respondent was taken to the police station and, after being given *Miranda* warnings, stated that he did not know the car had been stolen and that another youth, Kenneth Keyes, had been the driver and left the vehicle just before the police arrived. However, the police had been informed that a juvenile named Kenneth Keyes had been committed to the Department of Corrections three weeks prior to the incident.

After finding that there was no evidence to prove that the Kenneth Keyes respondent referred to was the same Kenneth Keyes who may have been committed, the trial court held that respondent had violated his probation by committing criminal trespass to a vehicle.

Section 5—3 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—3) provides that at a revocation of probation hearing, "the State shall have the burden of going forward with the evidence and proving the violation by a preponderance of the evidence." Respondent contends that his commission of the offense of criminal trespass to a vehicle was not proven by a preponderance of the evidence since the element of knowledge was not established.

Criminal trespass to a vehicle (Ill. Rev. Stat. 1973, ch. 38, par. 21—2) results when one knowingly and without authority enters a vehicle of another without his consent. Knowledge is an essential element of the offense (*People v. Bunch* (1976), 36 Ill. App. 3d 235, 343 N.E.2d 575; *People v. Davis* (1974), 17 Ill. App. 3d 127, 308 N.E.2d 34), and the State is required to prove that respondent knowingly entered the vehicle of another without his consent.

■■ Knowledge may be established by circumstantial evidence. (*People v. Zazzetti* (1972), 6 Ill. App. 3d 858, 286 N.E.2d 745; *People v. Robinson* (1974), 19 Ill. App. 3d 680, 312 N.E.2d 320). It is well settled that the recent, exclusive and unexplained possession of a stolen automobile by an accused gives rise to an inference of guilt, absent other facts and circumstances. (*People v. Moore* (1970), 130 Ill. App. 2d 266, 264 N.E.2d 582; *People v. Jones* (1969), 112 Ill. App. 2d 464, 251 N.E.2d 293.) However, in the instant case, the only evidence linking respondent to the commission of the offense is his physical presence in the vehicle. The car was not running, no keys were found which fit the ignition, and the ignition had not been tampered with.

Furthermore, respondent told the police officers shortly after his arrest

that he did not know the car was stolen and that a Kenneth Keyes had been the driver of the car. The evidence at trial failed to contradict these statements. The vehicle was in a condition which would not indicate that it had been stolen, and as the trial court observed, the State failed to prove that the Kenneth Keyes respondent referred to was the same one who may have been incarcerated. Therefore, we hold that the State did not establish by a preponderance of the evidence that respondent committed criminal trespass to a vehicle.

Accordingly, the order revoking respondent's probation and committing him to the Department of Corrections is reversed and the cause is remanded with directions that the court determine whether there was an adjudication that it was in the best interests of the minor and the public that the minor be adjudged a ward of the court and placed on probation. If it is determined that there was an adjudication of wardship, then the order placing him on probation shall stand; if it is determined that there was no adjudication of wardship, then the court shall decide whether such an adjudication is appropriate. If the court determines an adjudication is appropriate and if it finds an order of wardship should be entered, it shall do so and enter such dispositional order as is suitable and proper, and in conformity with the provisions of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, pars. 701 *et seq.*) If the court finds that the minor should not be adjudged a ward of the court, then the petitions shall be dismissed and the minor discharged. See *In re Thomas* (1976), 44 Ill. App. 3d 970, 353 N.E.2d 249.

Order reversed and cause remanded with directions.

JOHNSON and ROMITI, JJ., concur.