THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE LYONES, Defendant-Appellant.

First District (4th Division)    No. 78-1209

Opinion filed May 31, 1979.

James J. Doherty, Public Defender, of Chicago (Robert T. Badesch, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Dale F. Weigand, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The defendant, Eugene Lyones, was charged with the offenses of criminal trespass to a vehicle (Ill. Rev. Stat. 1977, ch. 38, par. 21—2) and misdemeanor theft (Ill. Rev. Stat. 1977, ch. 38, par. 16—1). After a trial without a jury, the judge found him not guilty of misdemeanor theft but sentenced him to the Department of Corrections for a term of six months on the criminal trespass to a vehicle charge. On appeal, the defendant argues: (1) that the State failed to prove him guilty beyond a reasonable doubt of the crime of criminal trespass to a vehicle; (2) that certain remarks by the trial court impermissibly shifted the burden to him to prove his innocence and violated his fifth amendment rights; and (3) that the trial court failed to find him guilty of the charge for which he was sentenced.

On April 14, 1978, the defendant was stopped while driving a 1977 Chrysler by Officer Clifford Russell of the Chicago Police Department. No license plates were displayed on the car and its city vehicle sticker was obviously defaced. Upon inspection of the car, Russell found the license plates under its front seat. The interior of the car was damaged and dirty, with door handles, the front ashtray and the rear view mirror missing. Russell testified that he arrested the defendant when the defendant told

him he did not have a driver's license. Russell checked the license plate number of the car against police records and found that the car's owner, Avis Rent-A-Car Company, had reported it stolen two months earlier. Russell questioned the defendant concerning his possession of the Chrysler; the defendant told him that "Mr. Jackson, a friend," gave him the car. The defendant said that Jackson lived at 1811 Spaulding in Chicago, which was the defendant's own home address.

A representative of the Avis Company also testified for the State. He said that the Chrysler had been rented by James Giger in February 1978, but never returned to the company. He said Avis never gave the defendant permission to operate the car and that the contract between Giger and Avis forbade Giger to loan the car to anyone else.

At the close of the State's evidence the defendant made a motion for a directed finding. The trial judge denied it and said, "let's hear the story." The Assistant State's Attorney then asked the defendant's attorney whether he would "put [his] man on or not"; the defendant's attorney, after some hesitation, answered, "yes, we will put him on."

The defendant testified that his uncle, Ivory Jackson, gave him permission to use the Chrysler. On cross-examination, the defendant said he never told his uncle that he was arrested on the charge of stealing the car and that he had not asked his uncle to testify for him.

The court found the defendant not guilty of the theft charge and, without mentioning the criminal trespass charge, asked to hear evidence in mitigation and aggravation before sentencing. Both sides presented evidence. The defendant did not object to the fact that there was no oral pronouncement of guilt by the court on the criminal trespass charge for which he was ultimately sentenced. The common law record before this court, however, contains a judgment order indicating that the defendant was found guilty of that offense.

■■ Under section 21—2.of the criminal code, to commit criminal trespass to a vehicle, a defendant must enter the vehicle "knowingly and without authority." (Ill. Rev. Stat. 1977, ch. 38, par. 21—2; see also *People v. Owes* (1972), 5 Ill. App. 3d 936, 284 N.E.2d 465.) While the State must prove this beyond a reasonable doubt in order for the defendant to be found guilty, the State may use circumstantial evidence to support its case. (*People v. Zazzetti* (1972), 6 Ill. App. 3d 858, 286 N.E.2d 745.) The defendant argues that the State failed to prove, beyond a reasonable doubt, that he was guilty of criminal trespass because it did not show that he had knowledge the car was stolen when he entered it and that he entered it without authority.

Officer Russell testified that the car was reported stolen by Avis, yet when he asked the defendant to explain possession, the defendant told him "Mr. Jackson, a friend" gave the car to him. The defendant never

supplied Jackson's first name to Russell and it was only at trial that the defendant announced that Jackson was his uncle. There was no corroboration of the defendant's story.

■■ The recent, exclusive and unexplained possession of a stolen vehicle gives rise to an inference of guilt absent other facts and circumstances. (*People v. Moore* (1970), 130 Ill. App. 2d 266, 264 N.E.2d 582; *People v. Jones* (1969), 112 Ill. App. 2d 464, 251 N.E.2d 293.) And while a trier of fact may not disregard a defendant's corroborated and uncontradicted testimony explaining that possession (*People v. Walden* (1976), 43 Ill. App. 3d 744, 357 N.E.2d 232), where a defendant attempts to explain his possession, he must tell a reasonable story or be judged by its improbabilities. (*People v. Smith* (1969), 107 Ill. App. 2d 267, 270, 246 N.E.2d 880, 881.) In a bench trial the trial court's determination of weight and credibility afforded the testimony of any witness will not be disturbed unless palpably erroneous. (*Walden; People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230.) In this case we cannot say the trial court erred in finding the defendant's story, that he had no idea the car was stolen when he entered it or that he received permission to drive it from someone he thought was its true owner, unreasonable, improbable and inconsistent with the rest of the evidence.

■■ Further, the testimony by the agent for Avis was sufficient to show that the defendant did not have the authority of the owner of the car to enter it. (See *People v. Barnes* (1977), 48 Ill. App. 3d 226, 363 N.E.2d 50.) Based on the above analysis, there was enough evidence in the record to prove beyond a reasonable doubt, that the defendant knew he entered the Chrysler without the authority of its owner.

■■ The defendant next contends that the denial of his motion for a directed finding at the close of the State's evidence, coupled with the court's remark "let's hear the story," impermissibly shifted the burden of proof to him and coerced him to testify. We find this contention without merit. The purpose of a motion for a directed finding at the close of the State's evidence is to test whether the evidence is sufficient to support a finding of guilty. (Ill. Rev. Stat. 1977, ch. 38, par. 115—4(k).) The judge's actions were an indication that the State's case met that test. (See *People v. Bradley* (1970), 131 Ill. App. 2d 91, 96, 266 N.E.2d 469, 473.) Similarly, the comment "let's hear the story" is ambiguous at best; it can be interpreted as other than a demand for the defendant to testify. Certainly, the colloquy between the Assistant State's Attorney and the defense attorney indicates an awareness on the part of the defense attorney that the defendant did not have to testify. In light of this, we cannot say that the defendant's fifth amendment rights were violated by the judge's comment.

■■ Finally, the defendant alleges that the record is devoid of any

evidence that he was convicted of the criminal trespass charge for which he was sentenced. While it is true that the trial judge failed to specifically state that he found the defendant guilty of criminal trespass, other evidence in the common law record shows that the judge did find him guilty, and that the defendant was aware of this finding. First, the completed judgment order in the record is evidence of the conviction. Second, and most importantly, immediately after the trial, the defendant participated in a hearing in aggravation and mitigation which culminated in the sentence. We find the defendant's lack of objection to the proceedings indicates that he was aware that he had been convicted of the criminal trespass charge. In Illinois, a party is not permitted to allege error committed against him in which he himself acquiesced. (*People v. Jennings* (1967), 84 Ill. App. 2d 33, 43, 288 N.E.2d 566, 567.) In participating in the mitigation hearing the defendant showed he understood the judge had convicted him of the criminal trespass charge and his sentence should be affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.