THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HOWARD H. POSEY, Defendant-Appellant.

First District (1st Division)   No. 79-1307

Opinion filed April 21, 1980.

886

Ralph Ruebner and Alan D. Goldberg, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Pamela L. Gray, and William J. Frost, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

On April 4, 1979, defendant, Howard H. Posey, was arrested and charged with possession of a stolen vehicle and attempt theft. On April 24, 1979, in open court, the offense of possession of a stolen vehicle (Ill. Rev. Stat. 1977, ch. 95½, par. 4—103(a)) was reduced to criminal trespass to vehicle (Ill. Rev. Stat. 1977, ch. 38, par. 21—2). Following a bench trial, defendant was found guilty of each offense. He was sentenced to concurrent terms of 364 days for each offense to be served in the House of Correction. Defendant appeals, contending that (1) he was not proved guilty of either offense beyond a reasonable doubt; (2) he was denied the effective assistance of counsel; and (3) the complaint for criminal trespass to vehicle is invalid.

We affirm.

William Johnson testified first for the State. He had testified previously at defendant's preliminary hearing. Defense counsel stipulated that Johnson had testified that he was manager of the Hyatt Regency Hotel parking garage and was working on April 4, 1979, between the hours of 11 a.m. and 2 p.m. It was further stipulated that Johnson had identified defendant as a passenger in a 1973 Chevrolet, license number MMG 49. When that car entered the garage, Johnson noticed the driver because he resembled an employee. Defendant and the driver alighted from the auto, which was then parked by an attendant. Johnson was several feet away. At one point defendant came back to the parking area, but Johnson did not see him re-enter a car.

On cross-examination, Johnson stated that he did not remember what clothes defendant was wearing. The 1973 Chevrolet entered the garage at about 12:30 p.m., at which time a number of cars were entering and leaving.

Martin Gold testified that on April 4, 1979, he owned a 1973 Chevrolet Caprice, license number MMG 49. That day he left his car in a parking garage and was subsequently notified that his car had been stolen. Gold never gave anyone permission to drive his vehicle.

Louis Rizzuti testified that on April 4, 1979, he was on duty as a security officer for the Hyatt Regency Hotel. Security officers received several calls that two black males were attempting to enter guest rooms. As a result of this information, Rizzuti went to the main floor lobby guest elevator. After a few minutes, he observed defendant leave one of the

guest elevators and go over to the car lobby elevator. In the guest elevator with defendant was a man subsequently identified as co-defendant Norris. Norris "was holding the door open with one hand and had a hold of a large laundry bag with the other." It was later determined that the laundry bag contained 22 king-sized sheets and three bedspreads owned by the Hyatt Regency Hotel.

Rizzuti further testified that defendant told Norris to "wait until I get a car." Rizzuti approached the guest elevator and asked the man holding the laundry bag to accompany him to the security office. On a television monitor, Rizzuti observed defendant in the garage area. Rizzuti then went to the garage and told defendant to come to the security office.

Defendant testified that he came to the Hyatt Regency on April 4, 1979, via the Chicago Transit Authority elevated. He denied that he was a passenger in a 1973 Chevrolet Caprice. He went to the personnel office. Defendant denied having knowledge as to how the bag of sheets and bedspreads were placed in the elevator.

On cross-examination, defendant testified that in the personnel office he was told to go to "B.R." Defendant explained he went to the 22d floor to ask some maids he knew where B.R. was located.

Following closing arguments, the trial court found defendant guilty of both charges.

■■ Defendant contends that he was not proved guilty of trespass to vehicle beyond a reasonable doubt. His challenge is threefold. First, he alleges that due to unreliable in-court identification, the State did not establish that defendant was in the automobile. The following questioning of Johnson by the State's attorney is undeniably suggestive:

"Q. Mr. Johnson, while you were working at the Hyatt Regency parking garage on April 4, 1979, did you have occasion to see the defendant, Howard Posey, enter that garage?

A. Which?

Q. Mr. Posey, the gentleman in the tan coat?

A. Yes."

Immediately thereafter, defense counsel stipulated that Johnson had previously identified defendant as the passenger in that 1973 Chevrolet. This cured any error caused by the State in questioning Johnson.

Second, defendant argues there was no proof that he entered the car knowing he was not authorized. He submits that the State did not disprove a probable explanation that he was invited into the car without knowledge that it was stolen. We do not agree.

Innocent entry into a vehicle not knowing it was stolen is not an offense (*People v. Luis* (1973), 13 Ill. App. 3d 245, 300 N.E.2d 869 (abstract); Ill. Rev. Stat. 1977, ch. 38, par. 21—2); however, the State may prove knowledge through circumstantial evidence. (*People v. Jackson*

(1974), 19 Ill. App. 3d 765, 312 N.E.2d 800 (abstract).) Furthermore, the recent, exclusive and unexplained possession of a stolen auto by an accused gives rise to an inference of guilt of criminal trespass to a vehicle, absent other facts and circumstances. *In re Wilder* (1977), 46 Ill. App. 3d 507, 361 N.E.2d 78.

Here, defendant was witnessed leaving the vehicle only a few hours after it had been stolen. Johnson noticed the car because the driver resembled an employee. He had ample time to observe both the driver and passenger from a distance of several feet. He also observed the passenger return to the garage. Finally, Johnson's in-court identification of defendant as the passenger was stipulated to by defense counsel. Defendant did not testify as to why he was in the car; on the contrary, he denied being a passenger in the car. Consequently, his argument on appeal that it is probable that he was invited into the car without knowledge that it was stolen is completely without foundation.

■ The trial judge accepted Johnson's testimony and found that defendant's account was not credible. This determination will not be disturbed on appeal unless palpably erroneous. (*People v. Lyones* (1979), 72 Ill. App. 3d 780, 391 N.E.2d 421.) Upon consideration of this record, we cannot say the trial court's determination was erroneous. The testimony of one witness is sufficient to convict, even if contradicted by the defendant, so long as the witness is credible and witnessed the defendant under such circumstances as to permit positive identification. (*People v. Vaughn* (1975), 25 Ill. App. 3d 1016, 324 N.E.2d 17.) Johnson viewed defendant under circumstances favorable to positive identification. Moreover, his identification of defendant was stipulated to by defense counsel. The trial court found it significant that defendant was on the 22d floor because he allegedly didn't understand what "B.R." meant, and generally discounted defendant's testimony.

We, likewise, find defendant's attempt to change his theory of this case upon appeal by suggesting that he may have entered the car unaware that it was stolen to be unworthy of belief. Similarly, his reliance upon *In re Wilder* (1977), 46 Ill. App. 3d 507, 361 N.E.2d 78, is misplaced; there defendant specifically testified that he had no knowledge that the car he entered was stolen and the State did not disprove his assertion by credible evidence beyond a reasonable doubt.

■ In short, Norris' and defendant's recent, unexplained possession of the auto, coupled with defendant's improbable story, circumstantially established defendant's criminal knowledge.

Finally, defendant asserts there was no evidence establishing that the auto in which he was allegedly a passenger was the same auto stolen from Gold.

■ In order to convict defendant of criminal trespass to vehicle, the

State must have shown beyond a reasonable doubt that the vehicle in which defendant was riding was the vehicle owned by Gold. (*People v. Bunch* (1976), 36 Ill. App. 3d 235, 343 N.E.2d 575; *People v. Acevedo* (1972), 5 Ill. App. 3d 968, 284 N.E.2d 488 (identity of vehicle is material element of offense).) The evidence amply satisfies this identity requirement. Gold testified that he owned a 1973 Chevrolet Caprice bearing license number MMG 49. He further testified that after being notified by the police he identified his car at the police station. At the preliminary hearing, Johnson testified that he observed defendant alight from a 1973 Chevrolet, license number MMG 49. At trial, defense counsel stipulated that Johnson had identified defendant as the passenger in that car. Accordingly, the auto in question was sufficiently identified as both owned by Gold and occupied by defendant.

Defendant next contends he was not proved guilty of attempt theft because there was insufficient evidence to link him with co-defendant Norris.

To maintain a conviction for attempt theft, the State must have proved that defendant had the intent to commit theft and that he had taken a substantial step toward its commission. (Ill. Rev. Stat. 1977, ch. 38, par. 8—4.) The State proceeded on an accountability theory. To establish guilt the State must have proved beyond a reasonable doubt that "[e]ither before or during the commission of an offense, and with the intent to promote or facilitate such commission, [the defendant] solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." Ill. Rev. Stat. 1977, ch. 38, par. 5—2(c).

In our view, the record amply demonstrates defendant's complicity and accountability under the law. Defendant had been identified as leaving the auto with Norris. He was later seen leaving an elevator with Norris. Rizzuti, the security guard, observed only Norris and defendant in the elevator. He was watching the elevators because he had learned that two black males were attempting to enter guest rooms. Rizzuti observed Norris holding a large laundry bag containing hotel property. He also heard defendant say, "Wait until I get a car." Defendant did indeed then proceed to the garage and was apprehended.

Confronted with this evidence, defendant explained that he did not know how the sheets were placed on the elevator. He stated that he was on the 22d floor looking for a maid to tell him the location of "B.R." He did not know what or where "B.R." was, so he wandered about the hotel. The trial judge, sitting as trier of fact, found defendant's account to be improbable. We cannot say this determination of credibility was erroneous.

Although accountability requires the assistance of a person prior to or

during the criminal act, such assistance can nevertheless be inferred from activities occurring after the offense. (*People v. Clifford* (1976), 38 Ill. App. 3d 915, 349 N.E.2d 922.) Defendant's improbable story also indicates his participation in the attempt theft. Additionally, his offer to get a car was an overt act toward the commission of theft.

Defendant's next contention is that he received ineffective assistance of counsel. In Illinois, a conviction will not be reversed on the ground of incompetency of counsel unless the representation is of such low caliber amounting to no representation at all or reduces the proceedings to a farce or sham. (*People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677.) Competency of counsel must be determined on the facts of each case viewed in their totality from the entire record, rather than a focus upon isolated instances occurring during the course of a trial. (*People v. Mahon* (1979), 77 Ill. App. 3d 413, 395 N.E.2d 950.) A defendant is entitled to competent, not perfect or successful, representation. (*Murphy.*) Further, defendant must establish that substantial prejudice results from counsel's incompetence, without which the outcome would probably have differed. *People v. Dudley* (1970), 46 Ill. 2d 305, 263 N.E.2d 1, *cert. denied* (1971), 402 U.S. 910, 28 L. Ed. 2d 651, 91 S. Ct. 1386.

With these principles in mind, we have reviewed the record in its entirety and find that defendant was competently represented by counsel. The public defender presented his client's theory of the case: that defendant came to the hotel via public transportation in search of employment and had no connection with Norris. Counsel also adequately cross-examined the State's witnesses. Defendant's objections can, at best, be classified as isolated instances of alleged incompetency during the trial. They in no way reduce the proceedings to a farce or sham nor establish substantial prejudice.

First, defendant asserts that the public defender failed to object to a suggestive in-court identification by Johnson. We noted above that any error was cured by the stipulation that Johnson had previously identified defendant. The decision to stipulate amounted to a matter of trial strategy. Counsel's choice of trial strategy or tactics does not afford a sufficient basis for challenging his competency. (*People v. Georgev* (1967), 38 Ill. 2d 165, 230 N.E.2d 851, *cert. denied* (1968), 390 U.S. 998, 20 L. Ed. 2d 97, 88 S. Ct. 1202.) Defense counsel chose to contest the reliability of Johnson's identification of defendant upon cross-examination rather than by denying Johnson's previous identification testimony. On cross, counsel elicited the fact that Johnson did not remember what the passenger was wearing. Also, a number of cars were coming in and leaving the garage and a number of people were getting in and out of autos when he witnessed the 1973 Chevrolet.

Second, defendant contends his counsel failed to object to certain hearsay evidence: *i.e.*, Gold's testimony that parking attendants reported his car stolen and Rizzuti's testimony that other security officers informed him that two black men were attempting to enter guest rooms. Neither of these comments relates to an integral issue in this case, and they pose no prejudicial impact.

Third, the public defender may have raised technical objections to the complaint for criminal trespass to vehicle. As we note below, defendant was sufficiently apprised of the offense by the complaint, was not surprised by the action and suffered no prejudice. Moreover, the technical violations alleged would certainly have been cured at trial upon objection.

Finally, the public defender argued during a motion for directed verdict on the trespass charge that the State failed to establish the monetary value of the auto. The trial judge apprised him that the monetary value of the auto was not a material element of the offense. Counsel's presentation of a point not supported by law in no way denigrates the efficiency of his otherwise skillful argument and causes no prejudice to his client.

■ In short, upon careful review of these and other alleged insufficiencies by trial counsel we are of the opinion that any mistakes were *de minimus*, amounted to choices of strategy, or did not serve to prejudice defendant.

Defendant's final argument is that the complaint for criminal trespass to vehicle was invalid. Defendant was originally charged with possession of a stolen automobile in violation of section 4—103(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 4—103(a)). That felony complaint properly set out defendant's name, the name of complainant and his signature, and the date and location of the alleged offense. It listed the type of vehicle, license plate number and VIN number of the auto, and charged that defendant possessed the car knowing it to be stolen.

At the preliminary hearing of co-defendant Norris, this felony complaint was reduced in open court to criminal trespass to vehicle, a misdemeanor. This was accomplished in an inartful fashion by striking out much of the language of the felony complaint and writing in "criminal trespass to vehicle." The word "entered" was also substituted for "possessed." The language of the felony complaint could still be deciphered despite longhand cross-outs. Defense counsel neither objected to this procedure nor moved for a continuance or bill of particulars.

"When attacked for the first time on appeal a complaint is sufficient if it apprised the accused of the precise offense charged

with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." *People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437.

■ The record indicates defendant was apprised of the charges and was not prejudiced in the defense of his case. Defense counsel was aware of the reduction of the charge and treated the complaint as charging criminal trespass to vehicle. In litigating this case, defense counsel demonstrated that he knew which offense had been charged. Moreover, in arguing his motion for a directed finding, he referred to the elements of the offense. He specifically challenged the identification of defendant as the passenger and argued that even if defendant were the passenger, there was no testimony showing defendant knew his entry was unauthorized.

■ Defendant also asserts that the proper statutory provision was not listed in the complaint. This is a formal, nonjurisdictional defect and will not render the complaint void upon appeal. (*People ex rel. Goznelli v. Brantley* (1971), 49 Ill. 2d 383, 275 N.E.2d 396, *cert. denied* (1972), 405 U.S. 1068, 31 L. Ed. 2d 799, 92 S. Ct. 1512.) Finally, the record is sufficient to show that defendant was prosecuted for and convicted of criminal trespass to vehicle and would bar a subsequent prosecution on the same facts. (*People v. Jones* (1973), 53 Ill. 2d 460, 464, 292 N.E.2d 361.) Accordingly, the requirements of *People v. Pujoue* are satisfied here.

For all the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.