THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LUIS VARGAS, a/k/a Anibal Rivera, Defendant-Appellant.

First District (4th Division)    Nos. 78-1541, 80-55 cons.

Opinion filed June 18, 1981.

Ralph Ruebner, of State Appellate Defender's Office, of Chicago (Paul T. Wangerin, of Winston & Strawn, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Dean C. Morask, and Philip Corboy, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

After a bench trial, defendant, Luis Vargas, was convicted of armed robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—2(a)), attempted robbery (Ill. Rev. Stat. 1975, ch. 38, par. 8—4(a)), and unlawful use of weapons (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(10)). Defendant was sentenced to concurrent terms of 5 to 10 years, 2 to 6 years, and 1 to 3 years, respectively.

On appeal, defendant presents for review the issue of whether he was denied the effective assistance of counsel where counsel, to be effective, must appear at trial prepared to present a legal strategy. We affirm.

Ignacio Perez, the State's first witness, testified that on August 20, 1977, at approximately 8:45 p.m., he was walking home accompanied by his friend, Santos La Salles. They were walking south on Kedzie Avenue, in Chicago, when Luis Vargas, the defendant, who was leaning against a car, asked him for a cigarette. After informing defendant that he did not have a cigarette, the witness and La Salles continued walking. Defendant approached them again; this time he wanted to sell them some jewelry. While they continued walking, a girl approached defendant and handed

him a set of keys. According to the witness, when they reached Troy Street, defendant pushed him, pulled out a gun, and asked him for his money. While La Salles grabbed defendant from the back, the witness said he attempted to disarm him. Thereafter, he and defendant struggled on the ground for the gun. The witness said he yelled to some people in a passing car to call the police. Finally, defendant recovered the gun and again demanded Perez' money. The witness gave defendant $12.

Thereafter, according to the witness, defendant walked over to La Salles and asked for his money. Defendant slapped La Salles on the face, angered because he had no money. Defendant then ran toward his car. Perez testified that thereafter he went home and within a few minutes the police arrived. He joined the officers and spoke with Officer Lyle May in the presence of La Salles and defendant. He informed the officer that he had been robbed by defendant. Later that evening, Perez went to the police station where the $12 taken in the robbery was returned to him.

On cross-examination, Perez indicated that La Salles had $70 on his person and that during the robbery La Salles had somehow managed to hide the money from defendant. Defense counsel extensively questioned Perez concerning the events leading to the robbery and the occurrences thereafter.

Santos La Salles' testimony essentially corroborated the testimony of Perez. He stated that defendant hit him because he did not give defendant his money.

Officer Lyle May testified that he is a Chicago police officer and that on August 20, 1977, the driver of a van informed him that a man was pointing a gun at a citizen in the vicinity of Kedzie and North Avenue. May and his partner drove east on North Avenue to a Shell gas station, where they were told the offender was in a red vehicle parked north of the gas station on Kedzie Avenue. Subsequently, the officers found three people in a red and black Chevrolet. Officer May instructed the occupants of the car to exit on the passenger side of the car. Defendant, Cynthia Risso and Nelson Calone exited the vehicle. May searched defendant and found a small billfold containing money and identification. He searched the automobile and found a fully loaded .32-caliber revolver on the front seat; a holster for a hand gun was in the back seat of the car. The officer unloaded the weapon; it was later taken to the 14th district police station to be inventoried.

According to Officer May, when he exited the Chevrolet, a crowd had formed. He asked whether anyone had been a victim of a robbery. Perez and La Salles stepped forward; they informed him that defendant had robbed them. May took the three people to the 14th district police station.

On cross-examination, Officer May was questioned as to where the

weapon was found in the car. He also answered questions relating to the robbery and the arrest of defendant.

At the close of testimony in the State's case, the State introduced as evidence the gun, ammunition, and holster, as well as a certified copy of defendant's conviction. The State rested.

The defense made a motion for a directed finding as to all of the charges. The motion was denied. The defense rested without presenting any witnesses. The State waived closing arguments. The defense attorney gave closing arguments. Defendant was found guilty on all counts.

Defendant contends the trial counsel's lack of preparation led to his conviction. In support of his contention, defendant maintains that trial counsel failed to present witnesses in his defense; failed to recall cases which supported his legal arguments; allowed hearsay evidence to be admitted; waived opening statements; was unable to advance coherent arguments in support of objections; and failed to offer an available affirmative defense. Further, defendant suggests that the matter should be remanded to the trial court for hearings on the adequacy of preparation.

At the outset, we note that defendant's argument relating to the trial attorney's lack of preparation is unique and novel. We agree that failure to adequately prepare for trial, including failure to conduct an investigation and interview witnesses, has been held to constitute inadequate representation by counsel. (See *People v. Stepheny* (1970), 46 Ill. 2d 153, 263 N.E.2d 83.) However, in order to warrant a reversal because of incompetency of counsel, defendant must establish actual incompetence as reflected by the representation and substantial prejudice resulting therefrom. *People v. Witherspoon* (1973), 55 Ill. 2d 18, 21, 302 N.E.2d 3, 4-5.

A strict test is applied in Illinois to determine whether counsel is incompetent. In such a case, the court will not reverse a conviction because of the incompetency of counsel unless the representation is of such a low caliber as to amount to no representation at all or reduces the court proceedings to a farce or sham. (*People v. Murphy* (1978), 72 Ill. 2d 421, 436, 381 N.E.2d 677, 685; *People v. Cosey* (1980), 82 Ill. App. 3d 968, 973, 403 N.E.2d 656, 661.) It is also necessary to establish that defendant " 'suffered a substantial prejudice from the manner in which his counsel conducted his defense,' " such that the outcome of the trial would probably be different. *Cousey*, at 973, citing *Witherspoon*, at 21.

Defendant's assertions that trial court's closing statement did not advance an adequate defense, that counsel presented no witnesses on his behalf, and that counsel waived opening statement may well have emanated from errors in judgment or trial strategy but they are insufficient to constitute incompetency or ineffective assistance of counsel as a

matter of law. (*Murphy*, at 437.) Further, incompetency of counsel must be determined on the facts of each case viewed in their totality from the entire record, rather than a focus upon isolated instances occurring during the course of the trial. *People v. Posey* (1980), 83 Ill. App. 3d 885, 891, 404 N.E.2d 482, 487; see *People v. Mahon* (1979), 77 Ill. App. 3d 413, 395 N.E.2d 950.

Defendant's focus upon specific instances of alleged unpreparedness of counsel did not establish that defendant suffered substantial prejudice without which the outcome of his case would probably have differed. Moreover, a defendant is entitled to competent, not perfect or successful, representation. *People v. Murphy* (1978), 72 Ill. 2d 421, 438, 381 N.E.2d 677, 685; *Posey*, at 891.

In *United States v. Lang* (7th Cir. 1981), 644 F.2d 1232, the United States Court of Appeals was confronted with the issue of ineffective assistance of counsel. There, the court refused to remand the case to the trial court for a hearing on this issue and we will do the same here.

With these principles in mind, we have reviewed the record in its entirety and find that defendant was competently represented by counsel despite the absence of testimony by defendant or other witnesses in his defense. In short, we are of the opinion that any alleged insufficiencies by trial counsel were *de minimus*, amounted to choices of strategies, or did not serve to prejudice defendant. Therefore, we are unable to conclude that counsel's representation amounted to no representation at all or reduced the court proceedings to a farce or sham.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

ROMITI, P. J., and LINN, J., concur.