THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEROME WILLIAMS, Defendant-Appellant.

Fifth District   No. 5—85—0091

Opinion filed February 7, 1986.

Randy E. Blue and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, and Joseph J. Ciaccio, Sr., of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

After trial by jury in the circuit court of St. Clair County, defendant Jerome Williams was convicted of armed robbery and sentenced to six years' imprisonment. He appeals, alleging (1) he was not proved guilty beyond a reasonable doubt; (2) the trial court erred in excluding the second paragraph of the circumstantial evidence instruction; (3) he was denied a fair trial by the prosecutor's prejudicial comments regarding his post-arrest silence; and (4) he is entitled to a $25 credit toward his fine because he was incarcerated for five days prior to his release on bail. We reverse.

The pertinent facts adduced at trial are as follows:

East St. Louis Police Sergeant Brewer testified that on October 4, 1983, at approximately 10:30 p.m., he went to a restaurant located at 4th Street and Martin Luther King Drive in East St. Louis. Sergeant Brewer stated that when he entered the restaurant he noticed a black male sitting in the restaurant. A few moments later, another black male, whom Sergeant Brewer identified as defendant, entered the restaurant. A third black male then entered the restaurant and briefly spoke with defendant. This third individual then left the restaurant.

Sergeant Brewer exited the restaurant and was confronted by the third individual holding a gun. Sergeant Brewer stated that defendant then came out of the restaurant, crossed between him and the robber and ran across the street. Defendant got into a car and drove away. The robber then instructed Sergeant Brewer to start his car and then stole the car and its contents. Among the stolen items was Sergeant Brewer's service revolver, which was at the time located inside the car.

Approximately 20 minutes after this incident, Sergeant Brewer gave a report of the robbery to Patrolman Carpenter. He briefly described the man who entered the restaurant after him as being approximately 5 feet 6 inches tall, having medium dark brown skin and weighing around 135 to 145 pounds. Sergeant Brewer admitted he failed to describe the man's facial features at this time.

Sergeant Brewer further stated that he viewed the defendant in a lineup on October 8, 1983. After the lineup, he gave a formal written statement that described both the incident and defendant in much greater detail.

St. Louis police officer Robert Loehr then testified. He stated that on October 8, 1983, he saw defendant toss a silver-colored revolver onto a lawn in St. Louis, Missouri. He stated that he then arrested defendant and retrieved the gun (Sergeant Brewer's stolen

gun), which he identified as People's exhibit No. 1.

St. Louis police detective Don Whittling testified that he contacted Detective Matthews of the East St. Louis police department regarding the finding of the gun. A lineup that included defendant was arranged in St. Louis, which Sergeant Brewer viewed. On cross-examination, Detective Whittling admitted that defendant's name was known to East St. Louis police detective Matthews before he and Sergeant Brewer arrived in St. Louis for the lineup. The State then rested.

East St. Louis police officer Carpenter was called by the defense. He testified that he had taken the offense report from Sergeant Brewer at approximately 10:46 p.m. on October 4, 1983. He stated at that time Sergeant Brewer gave only a cursory description of the person who entered the restaurant after him. He admitted that Sergeant Brewer did not describe any facial features of defendant at this time.

East St. Louis police detective Ronald Matthews was also called. He stated that he was in charge of the investigation of the robbery. He said that after Sergeant Brewer saw defendant in a lineup on October 8, 1983, Brewer gave him a signed statement. This statement included a description of the man who entered the restaurant immediately after him. He stated that the man had large eyes for his face, had a dark colored mark under his right eye, and was missing a front tooth on the upper right side of his mouth. Detective Matthews further stated that he and Sergeant Brewer had discussed the case in detail on the way to the lineup, but that he had not mentioned the name of the defendant to Sergeant Brewer.

The defendant then testified. He stated that on October 4, 1983, he was at his mother's residence in St. Louis. He stated that at approximately 4:30 to 4:48 p.m., he, girl friend Lorna Coran, and Robin Moore left for Ms. Coran's residence in Alorton, Illinois. He further stated that they arrived at her residence at approximately 6:30 p.m. and remained there until about 3 a.m. on October 5, 1983. Ms. Coran then drove the defendant back to St. Louis. Defendant denied having any connection with the weapon. (He had been found not guilty of unlawful use of a weapon after a trial in St. Louis, Missouri.)

Lorna Coran and Robin Moore both testified. Their testimony basically corroborated that of the defendant's.

A motion was made for a directed verdict and denied.

Defendant was found guilty and sentenced to six years.

Defendant first contends that he was not proved guilty beyond a reasonable doubt because the State did not prove that he performed any act with the intent to aid, abet, or facilitate the commission of the

armed robbery.

■■ Under the provisions of section 5—2(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 5—2(c)), one may be guilty of an offense if he solicits, aids, abets, agrees, or attempts with another person, the commission of the offense or the planning of the offense. In order to be guilty under the theory of accountability, the State must prove beyond a reasonable doubt that (1) the defendant solicited, aided, abetted, agreed, or attempted to aid another person in the planning or commission of the offense; (2) this participation must have taken place either before or during the commission of the offense; and (3) it must have been with the current, specific intent to promote or facilitate the commission of the offense. *People v. Ware* (1980), 82 Ill. App. 3d 297, 306, 402 N.E.2d 763, 767; *People v. Wright* (1976), 43 Ill. App. 3d 458, 460, 357 N.E.2d 224, 225.

■■ Our review of the record reveals no direct factual evidence that the jury could arrive at the conclusion advanced by the State to establish accountability on the part of defendant. The testimony of the State's witnesses merely establishes that defendant was in the restaurant before the robbery took place, he spoke briefly with the robber, he momentarily came between Sergeant Brewer and the robber while the crime was being committed, and that four days later he may have had possession of Sergeant Brewer's gun.

Although the foregoing evidence creates a suspicion that defendant may have been connected with the offense, it does not establish his guilt beyond a reasonable doubt. The State failed to establish that defendant was acquainted with the robber, or that the alleged brief conversation with the robber was inculpatory in any way.

The State purports that because defendant came between the two during the commission of the offense, it demonstrated defendant's participation in the crime. However, this momentary intervention could easily have been an accident and does not demonstrate an overt act designed to aid or assist the robber during the robbery. Neither mere presence nor any negative acquiescence alone is enough to render a defendant accountable for a crime. *People v. Evans* (1981), 87 Ill. 2d 77, 83, 429 N.E.2d 520, 522; *People v. Shaw* (1981), 98 Ill. App. 3d 682, 685-686, 424 N.E.2d 834, 837.

Sometimes the assistance of a person to a criminal act may be inferred from activities occurring after the offense. (See *People v. Posey* (1980), 83 Ill. app. 3d 885, 891, 404 N.E.2d 482, 486-87.) The State contends the evidence that defendant came into possession of Sergeant Brewer's gun indicates defendant's assistance in the robbery. However, given the circumstances, the most this evidence shows is

that defendant possessed stolen property, not that he participated in an armed robbery.

We agree with defendant that the case at hand is similar to *People v. Wright* (1976), 43 Ill. App. 3d 458, 357 N.E.2d 224. In *Wright,* defendant drove himself and several passengers to a gas station. At the gas station, defendant talked with the gas station attendant while three people got out of the back of the car, entered the station, and committed a theft. The key to the gas station cash drawer was later found in defendant's automobile. The court found that there was no evidence that defendant participated in, aided, abetted, or shared the common illegal purpose demonstrated by the evidence.

Accordingly, we do not believe defendant's accountability for the robbery in the case at hand was proven beyond a reasonable doubt. In light of our decision, we need not discuss the other issues.

For the foregoing reasons the judgment of the circuit court of St. Clair County is reversed.

Reversed.

KARNS and HARRISON, JJ., concur.