**People of the State of Illinois, Plaintiff-Appellee, v. Jeffroe Chandler, Defendant-Appellant.**

**Gen. No. 51,007.**

First District, Third Division.

June 1, 1967.

■■■■■■■■

Gerald W. Getty, Public Defender of Cook County, of Chicago (Paul Bradley, Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Eldridge Hersey, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

The defendant appeals from a conviction of criminal trespass to a vehicle. The defendant had been indicted for the offense of theft and criminal trespass to a vehicle. Thereafter the defendant moved to suppress an alleged confession. After a hearing the motion was denied. At the trial before a jury a verdict of not guilty of theft and guilty of criminal trespass to a vehicle was returned. The defendant was sentenced to one year in the Cook County jail.

The defendant raises only one point in his appeal, namely, the court erred in holding that the defendant could not deny making a statement and also contends that it was involuntarily made.

On May 10, 1965, the defendant was arrested with one Leo Jenkins in connection with an automobile theft. Leo Jenkins was subsequently released by the police when they determined he had no connection with the theft of the automobile. The police officers testified that the defendant was questioned in a squad car at the scene of his arrest and admitted being with the person who stole the car. One police officer denied that the defendant had been abused or threatened.

The defendant and Leo Jenkins testified that the police officer struck the defendant several times and threatened him at the time of his arrest. The defendant denied that he had made any admission at the scene of the arrest; however, he testified that he had made such an admission at the police station after additional physical abuse.

The police officers denied that there was any conversation at the police station regarding the defendant's steal-

ing of the car, since the defendant had already admitted it at the scene of the arrest.

It is argued by the defendant that a defendant in a criminal case is entitled, as a matter of right, to a full hearing on the question of whether a statement which the State intends to introduce against him was given voluntarily, and the hearing should be limited to the voluntary nature of the admission. The defendant further contends that he was denied this right because the judge hearing the motion ruled that a person could not move to suppress a statement which he denied making.

In People v. Hegovic, 348 Ill 58, 180 NE 561, the Supreme Court held that where the defendant denies having made any confession or admission there is no necessity for a preliminary hearing as to its voluntary character. However, in People v. Norfleet, 29 Ill2d 287, 194 NE2d 220, the defendant moved to suppress his confession. In support of his motion the defendant testified that he had been beaten by Officer Turner, both when arrested and at the police station, and further, that although the statement was taken, he did not give the answers shown in the transcript. The trial court denied the motion to suppress on the ground that the defendant denied making any confession. On page 291 of the Norfleet case the court, relying upon the case of Lee v. Mississippi, 332 US 742, 92 L Ed 330, said:

> "It is our conclusion that the Lee case has abrogated the Hegovic rule, and the trial court erred in denying defendant Norfleet a full hearing on the voluntary nature of the alleged confession."

People v. Cook, 33 Ill2d 363, 211 NE2d 374, adhered to the rule in People v. Norfleet, supra.

The question which now confronts the court is whether the defendant had a hearing on the voluntariness of the alleged admission. The defendant points out that in five

separate instances the judge hearing the motion to suppress indicated by his statements that because the defendant denied the admission he was in no position to make a motion to suppress. The statements alluded to by the defendant are the following:

1. "Well, I don't know what this hearing is about, because the defendant denied making any statement at the scene."

2. "The defendant denies making any statement at the scene. And yet there is a claim that when he got to the station, and he described it, in the toilet, he did make a statement regarding knowledge of the car being stolen. So it is your claim or position in making the motion to suppress a statement which he allegedly did not make."

3. "So that is clear, the State is not going to rely on any alleged admission made at the station. It is only relying on a statement made on the scene.

"And the defendant has denied that this was at the scene. So he can't very well move to suppress anything which he states he did not make."

4. "But in order to suppress there is a question of whether he did or did not make such admission. But I don't think that is the subject matter of the motion to suppress, when he denies that he made a statement."

5. "Then it is a question of fact ultimately for the trier of facts, whether the admission was in fact made. But I don't see that we have a proper subject matter on a preliminary motion to suppress such as being made now."

It is argued that the statements made by the judge clearly indicate that he was relying on the rule set forth in People v. Hegovic, supra, and that the hearing did not

concern the voluntariness of the admission but only whether the admission had been made. The People argue that the voluntariness of the statement is moot when a jury finds a defendant not guilty on the charge for which the statement was offered, and when it is only relevant thereto. The People also argue that the defendant does not contend that the evidence which was presented at the hearing on his motion to suppress was insufficient to establish the voluntariness of the statement, and therefore the appellant has conceded the sufficiency of the proof to show voluntariness. While it is generally true that the reasons assigned by a judge for his decision are unimportant if his decision is correct, nevertheless, from the record before us we cannot say the judge considered the question of the voluntariness of the admission because of the remarks made by the judge during the hearing, which indicated that the court was relying on the Hegovic rule, which had subsequently been abrogated. The defendant does not contend that there was not a full hearing but that the judge did not rule on the question of voluntariness. The judge hearing the motion has the advantage of seeing the witnesses, observing their demeanor while testifying, their candor or lack of candor while on the witness stand, and shall determine the credibility of the witnesses. However, there is nothing in this record to indicate that a ruling was made involving the credibility of witnesses. From the record before us it appears that the trial judge, while allowing a full hearing on the motion, had uppermost in his mind the thought that a defendant who denied having made an admission cannot question the voluntariness of that admission. The State also argues that the judge ruled on the voluntariness of the statement by saying the following: "Be that as it may, after hearing all the witnesses and recognizing the burden of proof and the law applicable, I will deny the motion to suppress." However, preceding that statement the court said: "Mr.

Jenkins testified to certain acts taking place. He only testified to acts of violence taking place at the scene. And if the defendant persists in his statement, he made no statement at least at the scene, he would indicate that for that purpose Mr. Jenkins' testimony is irrelevant." Mr. Jenkins, it will be remembered, was the man who was arrested near the scene of defendant's arrest, but who was released by the police when it developed that he had no connection with the case. The above statement by the court would tend to indicate that at the time the motion was denied the judge was still under the impression that one could not both deny making a statement and also claim it involuntary. When the court stated that the acts of violence testified to by the witness were irrelevant it indicates that the court did not consider the sufficiency of the evidence on the question of voluntariness. The State, in concluding its argument on voluntariness, says that the statement was held to be voluntary, but we find no statement in the record that would indicate the trial court had so held. The State also argued that the admission which was sought to be suppressed had no relevance to the charge of which the defendant was found guilty. The defendant was found not guilty by the jury as to the theft charge but was found guilty of criminal trespass to a vehicle. The alleged admission of the defendant was that the defendant did not steal the car but was with someone else when the other party stole it. This statement would tend to show criminal knowledge, which is as much an element of criminal trespass as it is of theft.

It is difficult to understand how the jury found the defendant innocent of theft while on the same evidence it found the defendant guilty of criminal trespass when it had the statement before it. It is possible that the jury gave considerable weight to the statement in finding the defendant guilty of criminal trespass. The jury could well have believed that the defendant did not himself steal the

automobile but was riding with a thief in an automobile he knew was stolen.

Since we have concluded that the statement of the defendant was admitted in evidence without a determination whether or not it was voluntary, the defendant's rights have been violated. We therefore remand this cause for a hearing on the question of the voluntariness of the alleged statement of the defendant with direction to the trial court to vacate the judgment of conviction, and if the statement is found to be involuntary, to grant the defendant a new trial, otherwise the trial court will enter a new judgment of conviction. People v. Jackson, 31 Ill2d 408, 202 NE2d 465.

Cause remanded, with directions.

SCHWARTZ and DEMPSEY, JJ., concur.