People of the State of Illinois, Appellee, v. James
W. Kelly, Defendant-Appellant.

Gen. No. 50,588.

First District, Fourth Division.

June 23, 1967.

James H. DeVries, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of
Chicago (Elmer C. Kissane and Lawrence Genesen, As-
sistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of
the court.

The defendant was tried by the court without a jury,
and found guilty of attempted burglary [1] and trespass
to a vehicle.[2] The cases had been consolidated and were

---

[1] Ill Rev Stats 1963, c 38, § 8–4. Attempt.] (a) Elements of the
Offense.

A person commits an attempt when, with intent to commit a
specific offense, he does any act which constitutes a substantial
step toward the commission of that offense.

[2] Ill Rev Stats 1963, c 38, § 21–2. Criminal Trespass to Ve-
hicles.]

Whoever knowingly and without authority enters any vehicle,
aircraft or watercraft or any part thereof of another without his

tried together. The court sentenced him to one to four years in the Illinois State Penitentiary on the attempted burglary charge, and six months in the House of Correction on the criminal trespass charge. The sentences were concurrent. We will first discuss the charge of attempted burglary.

The State's witness, Michael Cowan, who lived at 6434 North Whipple Street, in Chicago, testified that shortly after midnight on October 19, 1964, he notice two men "milling" on the patio in back of his house; that when he looked out the window again they had disappeared; that he went outside to investigate, and the defendant ran past him in the gangway. Cowan stated that he next saw the defendant in front of his house, looking into the trunk of a car, holding something in his hand; that the defendant and his companion then jumped into the car and sped away quickly. He further testified that immediately afterwards a squad car appeared, driven by Officer Lawrence Schreiner, and that he told the officer he thought the men in the car were burglars, at which time Schreiner started following the car, and Cowan followed the squad car. During the pursuit the car driven by the defendant and his companion was wrecked, and the two men were arrested and taken to the hospital.

The record in this case is both confused and confusing. While the witness, Cowan, testified that he saw the defendant first at the back of his house, and that he next saw him in front of the house, he admitted that in a previous hearing he had said that when he saw the defendant he was standing at the trunk of the car reaching inside and that he, Cowan, remarked to his son that it looked as if somebody had a flat tire and that he would go out and investigate. The testimony is inconsistent.

consent shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both.

In response to questioning on redirect examination, at trial, Cowan testified that on the night of the incident he did not notice whether any locks on his house had been tampered with; however, he found later that the locks on his back door had been tampered with; that the door was in the passageway about eight feet from the patio; that he noticed the wood was depressed at the lock, and that there were holes near where the key fit, as if something had been punched in. When asked if that condition of the door had been there before, his reply was, "No, no. I painted the door myself. And I noticed it. I would have noticed it." He stated that he did not see the defendant tamper with the locks, and he admitted that in the previous hearing before the same judge on October 30, he had made no statement to the court as to any tampering with the lock. His explanation for his failure to so testify was that the question had not been asked. He did not make any statement in the hearing before the grand jury to the effect that his back door had been tampered with.

■ The State failed to adduce any evidence from any of the witnesses that the defendant, Kelly, had tampered with the locks on Cowan's house. The only testimony is Cowan's that subsequently he noticed the locks had been tampered with; that he had painted the door and would have noticed any tampering. However, there is no indication in his testimony as to when the painting was done. There is no proof beyond a reasonable doubt that the defendant was guilty of attempted burglary, and the judgment of the court on that indictment must be reversed.

■ We will now consider the judgment based on the indictment for trespass to a vehicle. The defendant testified that on the evening of October 18, 1964, he was standing on a corner waiting for a bus, when Anthony Fallen (a man he had known previously) invited him to

get into the car he was driving. After he got into the car Fallen told him it belonged to his uncle; later, when the police were pursuing them, Fallen increased his speed to 65 or 70 miles an hour, and when the defendant asked why he was speeding, Fallen said, "The car is hot. It isn't my uncle's." This testimony was corroborated by Fallen.

It appears in the record, from the testimony of Officer Schreiner, that in his interview with the defendant in the hospital he asked if the defendant knew the car was "hot" and the defendant's answer was "yes." The State argues that this evidence was properly admitted inasmuch as there was no objection made to it by defendant. Even with that testimony properly in the record, the State has no proof as to the time when the defendant knew the car was stolen. There is nothing in the record which contradicts his evidence that he did not know it until after he was in the car.

The judgment finding the defendant guilty of the crime of criminal trespass to a vehicle is reversed. The judgment finding the defendant guilty of attempted burglary is reversed.

Reversed.

ENGLISH, P. J. and DRUCKER, J., concur.