THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN OWES *et al.,* Defendants-Appellants.

(Nos. 55691, 55692 cons.;

First District—May 5, 1972.

*Rehearing denied June 1, 1972.*

Allan Horwich and Thomas Grippando, both of Chicago, (Dennis H. Block, Senior Law Student, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Terence Mahoney, Robert A. Novelle, and Richard A. Redmond, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:
*OFFENSE CHARGED*
Criminal trespass to vehicle. Ill. Rev. Stat. 1969, ch. 38, par. 21—2.
*JUDGMENT*
After a trial without a jury, defendants were found guilty. John Owes was sentenced to one year and Richard Mitchell to 11 months in jail.

CONTENTIONS RAISED ON APPEAL
1. Defendants were not proved guilty beyond a reasonable doubt.
2. Defendants did not knowingly and understandingly waive their right to a jury trial.

EVIDENCE
*Charles Jeter,* for the State:
He was the owner of a 1966 Dodge Charger with New Jersey license plates. At approximately 2:00 A.M. on September 8, 1970, he parked his car in the Sears YMCA parking lot and, when he returned at approximately 8:00 A.M. the same morning, the car was gone. He then reported the theft to police.

When he next saw his car, it had been recovered by police. He observed that the trunk locks were missing and the ignition completely taken out, leaving a hole in the dashboard approximately ¾" in diameter. The door locks were not damaged. He had not given defendants or anyone else permission to use his car.

*Don Morrello,* for the State:
He is a Chicago police officer. On September 8, 1970, at approximately 4:00 P.M., he received a radio call which directed him to an alley where he observed three men in a 1966 Dodge Charger. As he approached, one of the men fled from the passenger side of the front seat and got away. The other two, whom he identified as defendants, attempted to get out from the back seat, but were arrested. He advised them of their rights and asked them if they knew the car was stolen when they first got into it. They said, "[a]fter a few minutes they knew it was stolen." The ignition and the trunk locks were completely pulled out. There was no evidence of any forced entry to the vehicle. Investigation disclosed that the car belonged to Mr. Jeter.

*Richard Mitchell,* on his own behalf:
At about 2:30 or 3:00 P.M. on September 8, 1970, he and his friend, co-defendant Owes, were playing basketball when a friend named "Boo Boo" and another man asked them to come along and get some beer. He and Owes got into the back seat, one from each side. He didn't look at the front part of the car as he got in. They were driven to an alley behind a tavern. Neither he nor Owes was old enough to buy the beer themselves. Boo Boo and the other man left the car to get the beer. He and Owes stayed in the back seat. Then Boo Boo returned alone and stood alongside the car talking to them. When the officer arrived, Boo Boo fled and he and Owes were arrested. He didn't pay much attention to the front part of the car during the 15 minutes he was in it.

*John Owes,* on his own behalf:

The State stipulated that his testimony would be substantially the same as that of Richard Mitchell, but reserved the right to cross-examine. On cross-examination, Owes said that he was sitting in back on the driver's side, didn't know "Boo Boo's" last name, and had never seen the other man before but thought his name was Kincaid.

OPINION

Ill. Rev. Stat. 1969, ch. 38, par. 21—2, provides:

"Whoever knowingly and without authority enters any vehicle * * * of another without his consent shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both."

■■ Defendants maintain that the State failed to prove beyond a reasonable doubt all the essential elements of the crime. They contend that the State has not proved that defendants "knowingly" entered a vehicle without the owner's consent. Criminal knowledge is as much an element of criminal trespass to a vehicle as it is of theft. (*People v. Chandler,* 84 Ill.App.2d 231, 236, 228 N.E.2d 588.) As defined by the statute, the offense prohibits the entry of a vehicle by a person knowing he does not have authority to enter. There is nothing in the statute which prohibits a person who has made an innocent entry into the vehicle from remaining therein after he discovers it has been stolen.*

■■ The evidence discloses that the trunk locks were missing but there was no evidence of a forced entry to the car itself. To defendants, invited off the basketball court into the car, there was no reasonable indication the car was stolen or was being driven by a person not lawfully in possession, or that they knew that the car did not belong to one of the two men who invited them to go for beer. One they knew only well enough to know his nickname but not his last name, and the other they had never seen before. Nor did the State present evidence that defendants, while entering the back seat of the two-door vehicle, observed the ¾"-hole in the dashboard where the ignition had been removed. Nor would they in the normal performance of such an entry into the car, have had a

---

* The State calls our attention to the statute on criminal trespass to land which prohibits going on land after notice it is forbidden, or remaining on lawfully entered land after notice to depart. Ill. Rev. Stat. 1969, ch. 38, par. 21—3. Rather than being of assistance to the State's case, we believe this difference between the two statutes aids defendants' position. The second alternative of land trespass—remaining after rightful entry but notice to leave—not being found in the statute now being considered, emphasizes the void left by its absence. It seems unlikely that this difference could have been the result of legislative oversight because, having been enacted in 1961, it has continued to exist through two sessions of the legislature since the decision in *People v. Kelly,* 84 Ill.App.2d 431, 434, 228 N.E.2d 561, and remains unchanged today.

reasonable opportunity to observe so small a hole—at what place on the dashboard the evidence does not disclose. Rather, the arresting officer testified that defendants admitted they knew the vehicle was stolen only "after a few minutes," but not at the time of entry. In the absence of a showing beyond a reasonable doubt that defendants had knowledge they were entering a vehicle without the owner's consent, the State has failed to sustain its burden of proof.

In *People v. Kelly*, 84 Ill.App.2d 431, 434, 228 N.E.2d 561, defendant testified that a friend picked him up and told him the car he was driving belonged to his uncle. It was not until the police began pursuing, that defendant was told the car was stolen. The court reversed the conviction under the same statute as in the instant case because the State had "no proof as to the time when the defendant knew the car was stolen. There is nothing in the record which contradicts his evidence that he did not know it until after he was in the car." We are aware of the fact that in *Kelly*, defendant did not have an opportunity to leave the car after he was told it was stolen, because the chase had begun, while in the present instance defendants had the chance to leave the car but did not do so. The distinction, however, does not affect our conclusion, since a continuing unlawful trespass is not proscribed by the statute when there has been an initial innocent entry.

Because of our decision, we need not consider defendants' second contention.

The judgment of the trial court is reversed.

Judgment reversed.

LORENZ, P. J., and DRUCKER, J., concur.