THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TIMOTHY BUNCH, Defendant-Appellant.

First District (5th Division) No. 61884

Opinion filed February 13, 1976.

James J. Doherty, Public Defender, of Chicago (Richard D. Kharas, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

After a bench trial, defendant was found guilty of criminal trespass to a vehicle. He was sentenced to one year probation and ordered to make restitution in the amount of $300 for damage to the vehicle, payable at the rate of $30 per month. On appeal, he contends he was not proven guilty beyond a reasonable doubt.

The complaint alleges a criminal trespass on October 1, 1974, in that defendant "knowingly and without authority entered a 1964 Buick bearing 1974 Illinois license UN 3400, VIN #4K 40 58999, the property of Mr. Restko and without his knowledge or consent."

A police officer testified that on October 1, 1974, he observed the driver of a 1964 Buick commit a traffic violation. As he attempted to stop the car, it left the scene and during the ensuing chase it struck two parked cars. The four occupants—one of whom was defendant—were

placed under arrest, after which the officer observed that the ignition had been "pulled" but that the ignition wires remained intact.

Michael Restko testified that he was the owner of a 1964 Buick, license number UN 3400 and vehicle number 4K 40 58999, which was stolen from a parking lot on October 1, 1974, and that he reported it as missing to the police. He did not know defendant nor did he give him permission to enter his vehicle.

Defendant testified that he was a passenger in the 1964 Buick involved in the traffic violation; that the driver picked him up to take him to a hot dog stand; that he did not know the condition of the ignition switch when he entered the car; that the driver said the vehicle belonged to his brother and later said that his father was the owner; and that he did not know the car was stolen, but that when the police gave chase he thought it might have been, because the driver was acting nervous.

Defendant contends that the State failed to prove beyond a reasonable doubt (1) a material element of the offense charged—namely, the identity of the vehicle trespassed; and (2) that defendant entered a vehicle he knew was stolen.

■■ Criminal trespass to a vehicle (Ill. Rev. Stat. 1973, ch. 38, par. 21—2) results when one knowingly and without authority enters a vehicle of another without his consent. Identity of the vehicle is a material element of the crime, and the State must prove it beyond a reasonable doubt. *People v. Acevedo,* 5 Ill. App. 3d 968, 284 N.E.2d 488.

Here, we note that only two witnesses for the State gave any testimony concerning the identity of the vehicle. Restko testified to the license and motor number of a 1964 Buick owned by him which had been stolen that day. A police officer testified that he gave chase to a 1964 Buick which had committed a traffic violation and eventually arrested defendant and three other occupants. Defendant was a passenger in that car and, at the time of the chase and arrest, the officer had not received any report that it was stolen. There was no testimony, however, concerning the license and vehicle numbers of the 1964 Buick in which defendant was riding, nor was there any other evidence—not even as to color or model—identifying that car as the one stolen from Restko.

■■ In order that defendant be legally convicted, the State should have shown beyond a reasonable doubt that the motor vehicle in which defendant was riding was the 1964 Buick described in the complaint as the property of Michael Restko. (See *Acevedo.*) The testimony of the police officer and Restko do not do so, and we conclude that the State failed to prove defendant guilty beyond a reasonable doubt of this material element of the crime of criminal trespass to a vehicle.

■■ Furthermore, knowledge is also an essential element of a criminal

trespass to a vehicle. (*People v. Davis*, 17 Ill. App. 3d 127, 308 N.E.2d 34.) Here, the State was required to prove that defendant knowingly entered the vehicle of another without his consent. Defendant testified that he was a passenger in a car and that he had entered with the consent of the driver. He did not notice the condition of the ignition switch when he entered, and it was only later—when the police gave chase and the driver appeared nervous—that he thought the vehicle might have been stolen. The fact that he may have believed the driver to be only 14 or 15 years of age is not of itself knowledge that the car was stolen. Moreover, he later testified he thought the driver was 17 or 18 and had learned on the date of the trial that the driver was only 15. We are of the opinion that the evidence failed to establish beyond a reasonable doubt that defendant entered the car without the consent of the owner or that he knew it was stolen at that time.

Although the determination of the trial judge who had the opportunity to view the witnesses and hear their testimony will not be lightly set aside (*People v. McGhee*, 20 Ill. App. 3d 915, 314 N.E.2d 313), it is always the duty of this court to examine the evidence in a criminal case and, if it is so unsatisfactory as to raise a serious doubt of defendant's guilt, the conviction should be reversed. (*People v. Griffin*, 29 Ill. App. 3d 581, 331 N.E.2d 121.) Here, we believe that the evidence was so unsatisfactory as to leave a reasonable doubt as to defendant's guilt, and the judgment will be reversed. See *People v. Kelly*, 84 Ill. App. 2d 431, 228 N.E.2d 561.

Reversed.

LORENZ, P. J., and BARRETT, J., concur.