THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES S. PETTUS, Defendant-Appellant.

Fourth District   No. 15740

Opinion filed May 27, 1980.

Richard J. Wilson and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Martin N. Ashley and Raymond F. Buckley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Defendant was convicted by a jury in the circuit court of Champaign County of the offenses of home invasion, attempt (rape), burglary and battery. He was sentenced to concurrent terms of 8 years for home invasion, 5 years for attempt, 4 years for burglary, and 1 year for battery.

On appeal defendant does not challenge any of the factual findings of the jury. His claims are limited to the questions of law as follows: (1) that the information charging home invasion failed to state an offense and therefore should have been dismissed; (2) that the charge of battery was a lesser included offense and therefore judgment should not have been entered on that conviction; and (3) that all of the offenses were based on the same acts and therefore separate judgments were improperly entered. We agree with him as to issues (1) and (2) but disagree as to (3).

Since the reasonable doubt issue was not raised by defendant, only a brief synopsis of the facts is required for purposes of this opinion. The complainant testified that the lock on the door to her apartment was defective and that in the early morning hours of the date of the incident she observed the door partially open. She arose from her bed and attempted to close it, but defendant who was on the other side of it pushed it fully open and entered her apartment. Upon her inquiry as to his business there, he stated that he wanted to engage in sexual intercourse. A struggle ensued during which complainant was bruised and contused. Defendant was unable to perform an act of intercourse. A neighbor, hearing the sounds of the struggle and the outcries of the complainant, summoned police who arrived and placed defendant under arrest. The complainant further testified that defendant was completely unknown to her. The testimony of police officers and certain photographic evidence corroborated complainant's testimony as to her physical condition.

The testimony of defendant and his witnesses was to the effect that he had been acquainted with the complainant for some time and had been with her at a tavern during the evening hours before the incident. He claimed that she had invited him to her apartment and that the struggle occurred when he was attempting to leave and she was attempting to force him to stay.

As previously indicated, the jury elected to believe the complainant and her witnesses, and defendant does not raise this as an issue on appeal.

Defendant's first claim of error is that the informations charging him with home invasion failed to include an allegation of "without authority" and that such an omission was a fundamental defect requiring their

dismissal. At the close of all of the evidence defendant moved for such a dismissal, but the trial court denied that motion and allowed a concomitant motion by the State to amend the informations to include the omitted language. Defendant also raised the point in his post-trial motion but it was likewise denied at that stage of the proceedings.

■■ Before proceeding to the merits of the first issue, we must digress briefly to discuss the procedural posture of the matter. Section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—1) provides for pretrial motions to dismiss charges. Subsection (a)(8) of section 114—1 sets forth the ground that "[t]he charge does not state an offense." Subsection (b) of section 114—1 provides:

> "(b) The court shall require any motion to dismiss to be filed within a reasonable time after the defendant has been arraigned. Any motion not filed within such time or an extension thereof shall not be considered by the court and the grounds therefor, except as to subsections (a)(6) and (a)(8) of this Section, are waived."

We therefore conclude that defendant has not waived the issue by waiting to make the motion until after all the evidence had been received.

■■ As we have already indicated, defendant renewed the issue in a post-trial motion. More properly, he should have filed a motion in arrest of judgment under section 116—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 116—2). However, we will construe that portion of his post-trial motion which is directed at the sufficiency of the information as a motion in arrest of judgment and then hold that the issue is before us.

Home invasion is a statutory crime and was added to the Criminal Code of 1961 by the legislature as section 12—11(a), effective August 22, 1978 (Ill. Rev. Stat. 1979, ch. 38, par. 12—11(a)). It reads as follows:

> "A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present and
> (1) While armed with a dangerous weapon uses force or threatens the imminent use of force upon any person or persons within such dwelling place whether or not injury occurs, or
> (2) Intentionally causes any injury to any person or persons within such dwelling place."

It is admitted that the words "without authority" do not appear in the several informations charging defendant with the offense.

Defendant maintains that "without authority" is a necessary element of the offense required by section 111—3(a)(3) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—3(a)(3)) which

reads as follows: "A charge shall be in writing and allege the commission of an offense by: \* \* \* (3) Setting forth the nature and elements of the offense charged."

The requirements of section 111—3 are mandatory and not directory. *People v. Troutt* (1977), 51 Ill. App. 3d 656, 366 N.E.2d 370.

The State argues that the words can be supplied from the balance of the information and points out having asked the complainant a direct question concerning authority of their redirect examination of her. Alternatively, the State argues that it is a formal defect curable by amendment under section 111—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—5). To the latter, defendant replies that it is not curable under section 111—5, since it is a fundamental defect and amendments only of a formal nature can be made under section 111—5 and only if an offense is stated under section 111—3. *People v. Heard* (1970), 47 Ill. 2d 501, 266 N.E.2d 340.

The law is succinctly stated as follows: "In charging an offense defined by statute, the accusation should be as fully descriptive of the offense as is the language of the statute, and should allege every substantial element of the offense as defined by the statute, including all conditions essential to constitute the crime." 21A Ill. L. & Prac. *Indictments & Informations* §54 (1977); accord, *People v. Clutts* (1976), 43 Ill. App. 3d 366, 356 N.E.2d 1367.

In our view, the allegation of "without authority" is fundamental to the offense. Without it, one is left only to speculate as to the status of the defendant, whether he be an invitee, or has entered the premises by error, or in some legal capacity. If any of the latter be true, then the offense would become some form of aggravated assault or battery.

An analogy can be found in the offense of criminal trespass to vehicles (Ill. Rev. Stat. 1977, ch. 38, par. 21—2) which provides in part: "Whoever knowingly and without authority enters any vehicle, \* \* \*." In *People v. Owes* (1972), 5 Ill. App. 3d 936, 284 N.E.2d 465, the court said:

> "As defined by the statute, the offense prohibits the entry of a vehicle by a person knowing he does not have authority to enter. There is nothing in the statute which prohibits a person who has made an innocent entry into the vehicle from remaining therein after he discovers it has been stolen." 5 Ill. App. 3d 936, 938, 284 N.E.2d 465, 467.

The first element of the offense of home invasion is clearly one of status, as is emphasized by the exclusion of peace officers in line of duty, and the failure to allege such status is fatally defective to an information.

The State argues first that the missing words can be supplied by implication and cites several burglary cases and theft cases wherein similar words were inferred from the balance of the charge. These are

distinguishable in that in both burglary and theft an illegal intent *ab initio* is an element of the offense and the lack of authority can be inferred from an illegal intent. In home invasion no such intent is required, but only that some threat or injury was done after the entry.

The State further argues that the designation "home invasion" and the citation of the statutory section make the missing allegation clear by implication. This contention was rejected in *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.

The State's third argument is that the defect is formal only. We have already held that the defect is fundamental and hence it is not susceptible of amendment.

The final argument of the State is that defendant through discovery was sufficiently apprised of the charge and since there was therefore no prejudice to him, no dismissal should occur. This argument was rejected in *People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171.

■ For all the foregoing reasons, the trial court was in error in denying defendant's motion to dismiss and in allowing the State's motion to amend.

Defendant's second issue concerns the relationship of the judgment on the charge of battery. Battery was submitted to the jury as a lesser included offense and the State did not object to this procedure. Multiple convictions and concurrent sentences cannot be allowed where one of the convictions is for a lesser included offense. *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838.

The State argues on the basis of *People v. Morgan* (1976), 40 Ill. App. 3d 711, 352 N.E.2d 444, that defendant is estopped from arguing that the judgment and conviction of battery should be vacated. We believe the cases are distinguishable. In *Morgan* the defendant submitted instructions that theft was a lesser included offense of robbery. She was found guilty of theft but not guilty of robbery. The court held that she was estopped by reason of her submission of the instructions from arguing that theft was not such an included offense.

In the instant case defendant is not claiming that battery is not an included offense. He asks only that it be treated as such under *King*. We agree. The greater charge of attempt (rape) includes acts sufficient to sustain a charge of battery. By proof of the greater offense, the lesser is necessarily established.

■ Battery was a lesser included offense and the trial court was in error in entering judgment on that conviction.

Defendant's third contention is that all of the offenses involved here were based on the same acts and therefore multiple convictions and sentences cannot stand. This argument is likewise answered in *King*. In *King* the supreme court found that judgment had been properly entered

for both rape and burglary with intent to commit rape because even though the offenses were closely related, they were based on separate acts and required proof of different elements.

In the instant case the attempt charge involved forcing defendant's way into the apartment and struggling with the complainant, removing her clothing and attempting the unsuccessful penetration. The burglary charge involved entry into the apartment with intent to commit forcible intercourse. The acts are different and the mental states are different.

The trial court was correct in entering separate judgments and sentences on the attempt and burglary offenses.

The judgment and sentence for home invasion is reversed; the judgment and sentence for battery is vacated; the judgments and sentences for attempt (rape) and burglary are affirmed. The cause is remanded to the circuit court of Champaign County with directions to issue an amended judgment order reflecting the view contained herein.

Affirmed in part, reversed in part, and remanded with directions.

TRAPP and GREEN, JJ., concur.