THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HAROLD R. SARVER, Defendant-Appellant.

Fourth District   No. 17182

Opinion filed December 18, 1981.

James L. Ayers, of Monticello, for appellant.

Hugh Finson, State's Attorney, of Monticello, for the People.

JUSTICE MILLS delivered the opinion of the court:

Traffic complaint filed.

Then an information was also filed in the same cause.

Was the information an amendment of the citation or a superseding new charging instrument?

It was a new, substituted charge.

We affirm the conviction.

■■ Sarver was issued a traffic ticket charging him with driving while his license was suspended, an offense that is committed only if a person has been driving on a public highway. (Ill. Rev. Stat. 1979, ch. 95½, par. 6—303(a); *People v. Kozak* (1970), 130 Ill. App. 2d 334, 264 N.E.2d 896.) The citation form includes a printed statement "Upon a public highway, namely at (location)," and this statement is followed by a blank, upon which the arresting officer wrote, "Monticello (National Bank Parking lot)." Sarver moved to dismiss on the ground that this parking lot is not a public highway.

The State then filed an information, which alleged, *inter alia*, that Sarver had driven his vehicle on Charter Street in Monticello. Defendant objected to the substitution of the information for the traffic citation as

the charging instrument. The trial court denied defendant's motion to dismiss, but the record contains no ruling on his objection to filing the information. At oral argument, however, both parties agreed that defendant was tried upon the information, not the citation.

On appeal, defendant argues that the trial court erred in allowing the original charging instrument to be amended because changing the allegation as to the place where defendant was driving was an amendment of substance which is not allowed under section 111—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 111—5), which allows an amendment only to correct a "formal defect." (*People v. Pettus* (1980), 84 Ill. App. 3d 390, 405 N.E.2d 489.) The State counters this argument with the contention that the allegation as to the parking lot was surplusage, creating a formal defect which may be corrected by amendment. Ill. Rev. Stat. 1979, ch. 38, par. 111—5(d).

■■ Both parties, however, have overlooked the true effect of filing the information. The State did not "amend" the citation; it filed the information *in substitution* of the traffic ticket. An amendment is that which alters "by modification, deletion, or addition." (Black's Law Dictionary 74 (5th ed. 1979).) By definition, an amendment is something which incorporates by reference some or all of a previously filed document. This the information did not do. It in no way relied upon the citation for its force, validity, or vitality. It supplanted and superseded the citation, stated a new charge, and was itself a complete charging instrument. Under these circumstances, section 111—5—dealing with amendments to charging instruments—is inapplicable, and the parties' argument as to whether a formal or substantive amendment occurred does not concern us.

We also note that the State did not move to file the information. Had the information been intended as an *amendment* of the citation, the State would have been required to seek leave of court to file it. (See Ill. Rev. Stat. 1979, ch. 38, par. 111—5.) Since no motion to amend was filed, we can only presume that the State looked upon the information as a substitute for, and not an amendment to, the citation.

Finally, a cautionary note. We are not called upon here to decide the propriety of replacing a defective *information* with a proper information and express no opinion on that issue. Such question has not been raised in this appeal, nor has it been briefed or argued by the parties.

Defendant does not allege that the information upon which he was tried was defective and complains of nothing that occurred during his jury trial. His conviction is accordingly affirmed.

Affirmed.

GREEN, P. J., and LONDRIGAN, J., concur.