THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERIC PETTIS, Defendant-Appellant.

First District (4th Division)    No. 81-191

Opinion filed January 28, 1982.

James J. Doherty, Public Defender, of Chicago (Thomas W. Murphy, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and Sheila M. King, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

The defendant, Eric Pettis, along with Eric Smith, was charged with the offense of criminal trespass to a vehicle. Thereafter, a bench trial for defendant and a preliminary hearing for Smith were held simultaneously. Defendant was then found guilty and was sentenced to a probationary term of one year with the first 21 days to be spent in custody, that time considered already served. Defendant appeals, contending that the trial court committed reversible error when it allowed the arresting police officer to testify as to a statement, made by Eric Smith, which implicated defendant.

The following facts were adduced at trial: Police Officer James Spratte testified that, at approximately 2:30 a.m. on October 9, 1980, he received a radio message which indicated that a driver of a vehicle, bearing license plate BY 6141, was armed. Upon checking that license plate number with the police computer, Officer Spratte determined that the vehicle in question had been stolen three days previously. In response to this information, the police officer began to tour the area in search of the vehicle. Officer Spratte then observed the vehicle parked at the curb in front of 6423 South Wood Street in Chicago. He then set up surveillance of that automobile from a distance of approximately 1½ blocks away. Several minutes later, he observed the tail lights of the car go on and the vehicle then pulled away from the curb.

After calling for an assist car, Officer Spratte pursued the stolen vehicle and stopped it at 1900 West 61st Street. According to Officer Spratte, defendant and Eric Smith were the occupants of that vehicle, with Smith being the driver. Defendant and Smith were then arrested and taken to the police station for interrogation. At that location, defendant and Smith were advised of their *Miranda* rights. Thereafter, Smith indicated to Officer Spratte that he had stolen the car a few days before and that defendant was aware of this fact. Spratte further testified that, when he stopped the aforesaid vehicle, the keys were in the ignition and there were no scratch marks or damage to the steering wheel.

On cross-examination, Spratte stated that Eric Smith informed him only that defendant knew the car was stolen. Spratte admitted that he could not remember if Smith ever said that he had told defendant the vehicle was stolen. At this point, defense counsel objected to the admission of such statements on the basis that Smith's statements were hearsay. The trial court denied defense counsel's objection.

James Elam, the owner of the automobile in question, testified that his vehicle was stolen on or about October 6, 1980. At the time the car was taken, Mr. Elam stated that there were two suits, an overcoat and some groceries in the automobile.

Defendant testified in his own behalf and stated that he was in the

vehicle in question on October 9, 1980 with Eric Smith when it was stopped by the police. According to defendant, Smith informed him that the vehicle belonged to Smith's sister. Defendant stated he first learned that the car had been stolen when he was taken to the police station by Officer Spratte. On cross-examination, defendant stated that, since he had not observed Smith in a car previously, he had asked Smith whether the car was stolen. However, defendant then stated that he had no knowledge of the car's status when he got into it on the date in question.

Rodney Johnson also testified for defendant and stated that he had seen Eric Smith drive the stolen vehicle and that Smith had informed him that the car belonged to his sister.

Section 21—2 of the Illinois Criminal Code of 1961 defines the offense of criminal trespass to a vehicle. It states:

> "Whoever knowingly and without authority enters any vehicle, aircraft or watercraft or any part thereof of another without his consent * * *." (Ill. Rev. Stat. 1979, ch. 38, par. 21—2.)

Knowledge is an essential element of this criminal offense, and therefore, the State is required to prove that the defendant knowingly entered the vehicle of another without his consent. *People v. Bunch* (1976), 36 Ill. App. 3d 235, 343 N.E.2d 575.

In *Bruton v. United States* (1968), 391 U.S. 123, 135-37, 20 L. Ed. 2d 476, 484-86, 88 S. Ct. 1620, 1627-28, the Supreme Court held that, in a joint trial, the introduction of a co-defendant's out-of-court confession, which implicates the defendant, violates the latter's right to confrontation, where the co-defendant making the statement cannot be subjected to cross-examination at trial. Defendant contends that the introduction of Eric Smith's statement violated his sixth amendment right to confrontation, as outlined in *Bruton*, since Smith failed to testify at defendant's trial. The State, citing *People v. McNeal* (1977), 56 Ill. App. 3d 132, 136-37, 371 N.E.2d 926, argues that a violation of rights under the *Bruton* rule was not designed for and has not ever been applied to a bench trial as was the proceeding in the present matter.

The decision in *Bruton* concerned a defendant's right to confront the witnesses against him and to subject those witnesses to cross-examination to test the veracity of their statements. In determining whether there has been a violation of that right, it would appear to be irrelevant that the trial is one before a jury or before a judge. A close reading of *People v. McNeal* (1977), 56 Ill. App. 3d 132, 371 N.E.2d 926, indicates it stands for the proposition that in a bench trial it can usually be presumed that no prejudice has occurred to a defendant who has been implicated by a co-defendant's confession because, unlike a jury, a judge, being trained in the law, will refuse to consider the statement made by the co-defendant in determining the defendant's guilt. Thus, *McNeal* does not stand for the

proposition that no violation of defendant's right to confrontation can occur in a bench trial, but only stands for the proposition that defendant's inability to cross-examine the co-defendant, concerning the co-defendant's confession implicating the defendant, is not usually prejudicial because it will be presumed the judge, as trier of fact, has refused to consider the damaging confession in determining defendant's guilt.

In the present case, the presumption of no prejudice to defendant by the admission of the co-defendant's statement has been rebutted. The State had to prove defendant "knowingly" entered the vehicle of another without the other's consent. The only evidence the State used to prove this was the co-defendant's statement that defendant knew the vehicle was stolen. If we were to presume that the trial court properly refused to consider this evidence against defendant, then it would follow that the trial court would have entered a not guilty finding for defendant because of a lack of evidence to prove the "knowledge" element of the offense. To find defendant guilty, the trial court had to rely on the co-defendant's statement which was not admissible to prove defendant's guilt. Thus, defendant's conviction and sentence for criminal trespass to a vehicle must be reversed.

Reversed.

JIGANTI and ROMITI, JJ., concur.